UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRADLEY SIMPSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 13-13210-JLT |
| | * | |
| STEVE SOUZA and THOMAS M. HODGSON, | * | |
| | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM

February 4, 2014

TAURO, J.

I.   Introduction

Presently before this court is Respondents' unopposed Motion to Dismiss as Moot [#7]. Respondents seek to have this court dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1]. For the following reasons, Respondents' Motion is ALLOWED.

II.   Background

Petitioner is a native and citizen of Barbados. He was admitted to the United States as a lawful permanent resident in early 1981.[1] On February 3, 2006, Petitioner was convicted of Third Degree Robbery and Third Degree Assault in Connecticut state court.[2] Petitioner was sentenced to a five-year suspended sentence, eighteen months incarceration on the first charge

---

[1] Pet. Writ Habeas Corpus [#1] ¶ 15.

[2] Mem. Supp. Mot. Dismiss [#8] Ex. A, at 2.

and one year incarceration on the second charge, to run concurrently.[3] On January 23, 2013—nearly seven years after his guilty plea—Petitioner was served a Notice to Appear and was detained by Immigration and Customs Enforcement ("ICE").[4] He was charged with being removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[5] Petitioner was housed at the Bristol County House of Correction in Dartmouth, Massachusetts.[6]

On February 11, 2013, the Immigration Judge held a custody redetermination hearing at Petitioner's request.[7] At this hearing, Petitioner conceded that his aggravated felony conviction subjected him to mandatory detention.[8] The Immigration Judge determined that the court did not have jurisdiction to determine Petitioner's custody status because Petitioner was subject to mandatory detention.[9] Accordingly, Petitioner was detained pursuant to 8 U.S.C. § 1226(c), the mandatory detention statute, pending resolution of his removal proceedings.

Following the February 11 hearing, the Immigration Judge proceeded to consider the merits of Petitioner's removal proceedings and application for relief from removal. On August 16, 2013, the Immigration Judge ordered Petitioner removed and Petitioner timely appealed.[10] On September 24, 2013, Petitioner filed a motion for bond redetermination.[11] On October 7,

---

[3] Mem. Supp. Mot. Dismiss [#8] Ex. A, at 2.

[4] Pet. Writ Habeas Corpus [#1] ¶ 18.

[5] Mem. Supp. Mot. Dismiss [#8] Ex. A, at 1–2.

[6] Pet. Writ Habeas Corpus [#1] ¶ 4.

[7] Mem. Supp. Mot. Dismiss [#8] Ex. A, at 2.

[8] Mem. Supp. Mot. Dismiss [#8] Ex. A, at 2.

[9] Mem. Supp. Mot. Dismiss [#8] Ex. A, at 2.

[10] Pet. Writ Habeas Corpus [#1] ¶ 20.

[11] Pet. Writ Habeas Corpus [#1] ¶ 21.

2013, the Immigration Judge denied Petitioner's request for bond and reiterated that he was subject to mandatory detention.[12]

On December 19, 2013, Petitioner filed his Petition in the instant matter. Petitioner asserts that his detention was not authorized by 8 U.S.C. § 1226(c) and was in violation of the Fifth Amendment. He requests that this court order his release unless he is promptly given a bond hearing. On January 10, 2014, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal, thus affirming the Immigration Judge's order of removal.[13] Respondents filed their Motion to Dismiss on January 13, 2014.

III.   Discussion

Prior to January 10, 2014, Petitioner was being detained pursuant to 8 U.S.C. § 1226(c). Section 1226(c) concerns the detention of aliens "pending a decision on whether the alien is to be removed from the United States" and mandates detention for those aliens who are deportable "by reason of having committed any offense covered in section 1227(a)(2)(A)(ii)."[14] Petitioner argues that his detention violates § 1226(c) for two reasons. First, he argues that he was never properly subject to detention under the statute because the statute requires that the alien be taken into custody "when . . . released" and Petitioner was not taken into custody until nearly seven years after he was released. Second, Petitioner argues that § 1226(c), properly interpreted, authorizes detention without bond only so long as such detention remains "reasonable." He maintains that his continued detention under § 1226(c) has become unreasonable. Petitioner also argues that his continued detention violates the Fifth Amendment because he was detained from

---

[12] Pet. Writ Habeas Corpus [#1] ¶ 22.

[13] Mem. Supp. Mot. Dismiss [#8] Ex. B.

[14] 8 U.S.C. § 1226(c).

January to December 2013 without meaningful individualized consideration of his dangerousness or whether he is a flight risk.

This court need not wade into the merits of Petitioner's claims, however, because those claims are moot. A federal court may adjudicate "only actual, ongoing cases or controversies."[15] This requirement continues through every stage of litigation.[16] It is insufficient that a case or controversy existed at the time of filing, only to be extinguished later.[17] An Immigration Court's order of removal becomes "final" either when the BIA affirms the order or the period to timely appeal expires.[18] Once an alien has been ordered removed, 8 U.S.C. § 1231 states that the Attorney General "*shall* remove the alien from the United States within a period of 90 days" and "*shall* detain the alien."[19] Accordingly, once an order of removal becomes final, an alien's detention is not only statutorily authorized, but mandated.

Here, Petitioner's order of removal became final on January 10, 2014, before this court considered the merits of his Petition. Because Petitioner has been ordered removed, § 1231 mandates that he be detained pending his removal. Petitioner seeks various forms of prospective relief in his Petition.[20]  Since § 1231 authorizes Petitioner's continued detention and he is no

---

[15] Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

[16] Id. at 477-78.

[17] Id.

[18] 8 U.S.C. § 1101(a)(47)(B)(i).

[19] Id. §1231(a)(1)(A), (a)(2) (emphasis added).

[20] Petitioner asks this court to order the government to cease detaining him pursuant § 1226(c), order his release unless he is given a prompt bond hearing, and order that Respondents provide Petitioner and this court two days' notice prior to any removal of Petitioner from Massachusetts.

longer detained pursuant to § 1226(c), this court cannot grant Petitioner the prospective relief he seeks.[21] The Petition is therefore moot and this case must be dismissed.

IV.     Conclusion

For the foregoing reasons, Respondents' Motion to Dismiss as Moot is ALLOWED. AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge

---

[21] See Lewis, 494 U.S. at 477 (explaining that a litigant must suffer or be threatened by an injury "likely to be redressed by a favorable judicial decision"). Petitioner also seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). A party is entitled to recover attorney fees under the EAJA when (1) he is the prevailing party and (2) the government's position "was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Here, Petitioner did not prevail because his Petition is moot and Respondents did not take a frivolous legal position by arguing that § 1231 now authorizes Petitioner's detention.